UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BENJAMIN LEVINE,                    :
                                    :
            Plaintiff               :
                                    :
    v.                              :     Civil Action No. 06-1394(KSH)
                                    :
STATE OF NEW JERSEY,                :     REPORT AND RECOMMENDATION
                                    :
            Defendant                :
_____:

## I. INTRODUCTION

This matter comes before the Court upon its review of the docket.  The docket shows that an Amended Complaint has been filed.  For the reasons set forth herein, the Undersigned recommends that the United States District Judge strike the Amended Complaint.

## II.  PROCEDURAL HISTORY

On March 23, 2006, Benjamine Levine ("Levine") filed a notice of removal in which he sought to remove to this Court a criminal case filed against him in the New Jersey Superior Court.  Docket No. 1.  By way of Order entered June 8, 2006, the Hon. Katharine S. Hayden dismissed the removal petition.  Docket No. 5.  On July 13, 2006, Levine filed a notice of appeal of this Order and an application to extend the deadline to file the appeal.  Docket Nos. 7 and 8.  On July 25, 2006, the application to extend was granted.  Docket No. 11.  The Court of Appeals for the Third Circuit remanded the case for resolution of a motion to reopen the period to file an appeal under Fed. R. App. P. 4(a)(6). See  Docket No. 14.

On February 7, 2007, the District Court denied Levine's Rule 4(a)(6) motion.  Docket No.

13.  On February 13, 2007, Levine filed a motion for rehearing on this decision, which was denied on March 16, 2007.  Docket Nos. 15 and 16.  Levine filed an appeal of the order on March 21, 2007.  Docket No. 18.  In the District Court, Levine also filed a motion for relief from the June 8, 2006 Order, which dismissed the removal petition.  Docket No. 17.  This motion was denied on May 1, 2007.  Docket No. 21.  On May 7, 2007, Levine filed a motion for rehearing, which was denied on June 4, 2007.  Docket Nos. 22 and 23.

On October 16, 2007, the Court of Appeals issued the mandate in connection with the March 2007 appeal.  Docket No. 25.  The appellate court reversed the denial of the Rule 4(a)(6) motion, vacated the June 8, 2006 dismissal order, and remanded the matter to the District Court for its consideration of Levine's application to proceed in forma paupers, and if granted, to determine whether the matter should be remanded.  Levine, slip. op. at 2; Docket No. 25.  Upon remand, Levine filed a motion for leave to proceed in forma paupers and motions to correct and amend the removal petition.  Docket Nos. 26, 27, and 29.  By Order dated January 11, 2008, the motion to proceed in forma paupers was granted, the Clerk was directed to file the Complaint so that the Court may review it for nonfrivilous civil claims, and the motions to amend and correct the removal petition were denied because there was no basis for removal of his criminal case.  Docket No. 28.  On January 31, 2008, Levine filed a motion for reconsideration, which was denied. Docket Nos. 31 and 40.  On February 4, 2008, the District Court dismissed the Complaint but granted Levine to file an Amended Complaint no later than February 14, 2008.  Docket No. 32.

On February 12, 2008, Levine filed a motion to extend the time to file the Amended Complaint, which was granted and extended the deadline until March 3, 2008.  Docket Nos. 34

and 37.  On February 12, 2008, Levine also filed a notice of appeal from the January 11, 2008 and February 4, 2008 Orders.  Docket No. 23.  Levine did not timely file an Amended Complaint and, on March 6, 2008, the District Judge dismissed the Complaint.  Docket No. 39.

In its July 20, 2008 Opinion, the Court of Appeals for the Third Circuit affirmed the Order denying the removal petition, finding that Levine is not legally entitled to remove his criminal case.  The appellate court also found that the other allegations in his removal petition were civil in nature and noted that Levine expressly stated that he did not intend to pursue civil claims.  The appellate court also found that his civil claims are intertwined with his criminal case, and given the absence of extraordinary circumstances, the District Court is required to abstain from addressing them.  For these reasons, the appellate court directed the district court to vacate the order permitting Levine to file an Amended Complaint and that the civil claims be dismissed.  Levine, slip op. at 3-4; Docket No. 45.  The mandate was issued on September 12, 2008.  In accordance with these directives, the District Court dismissed Levine's civil claims.  Docket No. 44.

Despite the July 30, 2008 appellate ruling, Levine filed an untimely and prohibited Amended Complaint on August 29, 2008 and attempted to serve same on an attorney who does not represent the defendant and is not authorized to accept service of the Complaint.  Docket Nos. 42 and 43.

### III.  DISCUSSION

The ruling of the Court of Appeals for the Third Circuit precludes any further activity in this case and the plaintiff's Amended Complaint should be struck.  According to the Court of Appeals for the Third Circuit, Levine's removal of his criminal case is precluded under 28 U.S.C.

§1447(d). Moreover, the appellate court has determined that all of his civil claims are intertwined with his criminal case and that the District Court must abstain from considering them. Therefore, the District Court is precluded from considering civil claims. Furthermore, the appellate court has directed the District Court to vacate the Order that allowed Levine to file an Amended Complaint and dismiss it. Thus, the appellate court has precluded any amendment to the Complaint.[1] For these reasons, Levine's Amended Complaint should be struck and the case should remain dismissed.

## IV. CONCLUSION

For the reasons set forth herein, the Undersigned recommends that the United States District Judge strike the Amended Complaint and that the Order dismissing the case remain in full force and effect.

    Respectfully submitted,

    s/Patty Shwartz
    UNITED STATES MAGISTRATE JUDGE

Date: October 20, 2008

---

[1] In addition, the Amended Complaint was filed long after the deadline that had been set, and in fact was filed before the mandate had issued and hence was filed when jurisdiction had not yet returned to the district court. See Bensalem Tp. v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 994) (stating that "once a notice of appeal is filed, jurisdiction is no longer vested in the district court.")(citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).